OPINION
{¶ 1} Defendant-Appellant, Rodney Smith, appeals his conviction and sentence by the Wyandot County Common Pleas Court for one count of aggravated assault, in violation of R.C. 2903.12(A)(2), a fourth degree felony, and one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(3), a fifth degree felony. In his appeal, Smith contends that his counsel was ineffective by not moving to withdraw his guilty pleas and for failing to present mitigating evidence during sentencing. However, Smith has failed to demonstrate that he requested counsel to move to withdraw his guilty plea, and the mitigation evidence presented by counsel at sentencing was not deficient, being within the parameters of trial strategy. Consequently, we affirm the decision of the trial court.
 {¶ 2} Facts and procedural posture pertinent to the issues raised on appeal are as follows. On January 5, 2002, Smith was arrested for felonious assault and having a weapon under disability. The events leading to Smith's arrest consisted of brandishing a firearm during a physical altercation with another man while intoxicated. At his initial appearance, Smith pled guilty to both charges and, in return, the State recommended a ninety-day jail sentence, including sixty days of incarceration with thirty days stayed conditioned upon his completion of a thirty-day in-patient alcohol and substance abuse program.
 {¶ 3} After accepting Smith's guilty plea, the trial court continued the matter for sentencing to allow for preparation of a pre-sentence investigation report and victim impact statement. The sentencing hearing was conducted on July 3, 2002, and after reviewing the pre-sentence investigation report and hearing statements by Smith, his counsel, and two victims of the crime, the court sentenced him to concurrent terms of fifteen months incarceration for aggravated assault and eleven months for having a weapon while under disability.
 {¶ 4} From this decision, Smith appeals, asserting two assignments of error for our review. For purposes of brevity and clarity, we will address Appellant's arguments together.
Assignment of Error I
 {¶ 5} "Rodney Smith was denied effective assistance of counsel because his attorney failed to move to withdraw his previous plea of guilty after numerous requests made by Rodney prior to sentencing."
Assignment of Error II
 {¶ 6} "Rodney Smith was denied effective assistance of counsel because of his attorney's failure to call witnesses or present other relevant evidence at his sentencing hearing, supporting Rodney's contention that facts in the presentence investigation report were inaccurate."
 {¶ 7} In his first assignment of error, Smith contends that just prior to the sentencing hearing he was informed by his counsel that, although the State would recommend the previously negotiated sentence, the court was not bound to accept the recommendation and based upon the presentence investigation report he could face a longer sentence of incarceration. Smith alleges on appeal that he then requested counsel to move for withdrawal of his previously entered guilty plea and that counsel failed to do so, thus supporting that the entered plea was not knowing and voluntary and that his counsel was ineffective for not moving to withdraw his pleas.
 {¶ 8} Smith has attempted to support his argument by attaching two affidavits to his appellate brief, both stating that he requested his counsel, prior to sentencing, to move the court for withdrawal of his pleas. Notably, the record before the trial court is devoid of any evidence that Appellant requested counsel to withdraw his guilty plea. And, documents that are presented for the first time on appeal, such as the affidavits herein, in the absence of the granting of a motion to supplement the record, are not part of the record and may not be considered by an appellate court.[1] Accordingly, without any additional evidence that Smith requested to withdraw his plea, he has failed to establish any ineffective assistance on the part of his counsel. Consequently, his first assignment of error must be overruled.
 {¶ 9} In his second assignment of error, Smith contends that his counsel's failure to submit mitigating evidence during sentencing to support that the presentence investigation report was flawed, constituted ineffective assistance of counsel. In order to establish ineffective assistance of counsel, a defendant must show that defense counsel's representation fell below an objective standard of reasonableness and that counsel's deficient representation was prejudicial to defendant's case.[2] To be considered prejudicial, a defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[3] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[4] Furthermore, the decision to forgo the presentation of mitigating evidence at sentencing does not itself constitute proof of ineffective assistance of counsel.[5] And, "[t]he presentation of mitigating evidence is a matter of trial strategy."[6]
 {¶ 10} In this case, mitigating evidence was presented on Smith's behalf at sentencing, including his own testimony and statements by his counsel and two victims of the crime. Additionally, Smith's attorney provided the court with information surrounding the events leading to his arrest and claimed that the pre-sentence investigation report misstated certain facts.
 {¶ 11} In sentencing Smith, the court's primary rationale to sentence him to a longer term of incarceration than that recommended by the State was based upon his past criminal record, his previous and continued failure to address his alcohol problem, and the second chance afforded to him following previous infractions of the law, none of which related to the alleged discrepancies contained in the pre-sentence investigation report.
 {¶ 12} Accordingly, counsel's failure to present additional mitigating evidence on alleged misstatements of fact within the pre-sentence investigation report was not a demonstrably deficient trial strategy, especially in light of Smith's decision to plead guilty under the terms of a plea bargain.[7] Furthermore, given the court's reliance upon Smith's past criminal record and failed attempts to address his alcohol problem, we cannot say that there is any reasonable probability that but for any alleged deficiency by his counsel, the outcome would be different. Therefore, based upon the foregoing, Appellant's second assignment of error is hereby overruled.
 {¶ 13} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
 Judgment affirmed. BRYANT, P.J., and SHAW, J., concur.
[1] App.R. 9(A); App.R. 12(A)(1)(b); State v. Carter (June 16, 1998), Washington App. No. 97CA13; State v. Mathers (Aug. 9, 2002), Clark App. No. 2000-CA-92, 2002-Ohio-4117, at ¶ 8; State v. Griffin (Dec. 13, 1993), Morrow App. No. CA 785; State v. Smith (Dec. 1, 1994), Licking App. No. 93 CA 24; State v. Mendoza (July 14, 1995), Lucas App. No. L-94-242, citing State v. Harding (Aug. 19, 1993), Marion App. No. 9-93-8;State v. Wright (Mar. 29, 1996), Ottawa App. No. OT-95-052; State v.Jones (Feb. 6, 1992), Cuyahoga App. Nos. 59607 to 59611; State v. Caskey
(Sept. 19, 2001), Wayne App. No. 00CA0069; State v. Pingor (Nov. 20, 2001), Franklin App. No. 01AP-302, 2001-Ohio-4088, at fn. 1.
[2] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus; State v. Gilmer (June 15, 2001), Ottawa App. Nos. OT-00-040, OT-00-039.
[3] State v. Jackson (June 27, 2002), Franklin App. No. 01AP-808, 2002-Ohio-3330, at ¶ 49.
[4] Id.
[5] State v. Gilmer (June 15, 2001), Ottawa App. Nos. OT-00-040, OT-00-039, citing State v. Johnson (1986), 24 Ohio St.3d 87, 91, overruled in part on other grounds by State v. Jenks (1991),61 Ohio St.3d 259.
[6] Id., citing State v. Keith (1997), 79 Ohio St.3d 514, 530.
[7] Id.